ant, stated that the plaintiff could not recover anything unless he had substantially complied with the contract, and that, if the jury believed that the plaintiff did not put the tank and tower in good substantial working order, under the contract, they must find for the defendant. The jury found a verdict for the full amount of the contract price. It is sufficient to say that, whether or not this charge of the court was correct, the defendant acquiesced therein without exception, and consequently no such question is now before us. I have carefully examined the testimony of the case, and am of the opinion that the submission of the questions of fact to the jury was proper, and that there was sufficient evidence to support the allegations of the complaint. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

### In re REINISCH et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

TRUSTS—APPOINTMENT OF TRUSTEE IN PLACE OF DECEASED TRUSTEE.

A petition for appointment of a trustee in place of the sole trustee, who had died, alleged that the deed creating the trust provided that the rents, etc., were for the support of E., petitioners' father, during his life, and on his death were for the support of his wife and children, if any, surviving him during his mother's life, and at E.'s death, in case his mother should not be living, the land was to be divided in equal shares among the children and descendants of children, per stirpes, of E., then surviving; that his mother was dead, and E. was still alive, and had children, the two petitioners. *Held*, that there was nothing to prevent such appointment in an affidavit that E. was remarried after his divorce from petitioners' mother, and had children living, who resided with him in Ohio, since it did not appear that the Ohio children had any interest, and, if they did have one, they could apply to the court for protection.

Appeal from special term, New York county.

Petition by Bessie V. Reinisch and Grace E. Welch for the appointment of a trustee in place of Henry A. Bassford, deceased, under a trust deed to deceased, executed by Virginia L. Welch, mother of Edwin V. Welch, petitioners' father. From an order appointing Edward L. Patterson as substituted trustee, George F. Elliott, as trustee, and Edwin V. Welch appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, INGRAHAM, and PARKER, JJ.

Henry M. Dater, for appellants.

Frederick F. Neuman, for respondents.

INGRAHAM, J. The court in this case appointed a person to execute a trust vested in the supreme court by the death of the trustee named in the instrument creating the trust. We have held in Re Application of Welch (decided herewith) 46 N. Y. Supp. 689, that the court below properly vacated the order theretofore entered ex parte, appointing George F. Elliott as substituted trustee in place of the deceased trustee, and approved the action of the court in vacating such order. When this order was entered, there-

fore, the order appointing Elliott having been vacated, there was no person appointed to execute this trust, as the representative of the court, the former trustee being dead, and the appointment of Elliott having fallen by the vacation of the order appointing him. The court clearly had the power, under the statute, to designate a person to execute the trust vested in it upon the death of the sole trustee. We think the court had the power and should hear the remainder-men upon the appointment of the person who was to execute the trust. No reason is suggested why the gentleman appointed by the court below is not an entirely competent person to execute the trust.

There is nothing in the affidavit of Henry M. Dater in opposition to this motion which prevented the court from making this order. The deed creating the trust is not before the court, and we are unable to say just who were entitled to the remainder after the death of the person entitled to the income for his life. All that we have is the allegation of the petition that, by the deed creating the trust, it was provided that the "rents, issues, and profits were for the support and maintenance of Edwin V. Welch, the father of the petitioners, during his life, and upon his death to apply the same to the support of his wife and children, if there be any surviving him during the life of the said Virginia L. Welch, and at the death of the said Edwin V. Welch, in case the said Virginia L. Welch should not be living, then to divide the said lots in equal shares among the children and descendants of children, per stirpes, of the said Edwin V. Welch, then surviving"; that the said Virginia L. Welch is dead; and that the said Edwin V. Welch, her son, is still alive, and has children, the two petitioners, and one Sidney L. Welch, who is 12 years of age, and George R. Welch, who is 16 years of age. In the affidavit of Henry M. Dater it is stated that the said Edwin V. Welch was remarried after his divorce from the mother of the petitioners, and has children living, who reside with the said Edwin V. Welch in the state of Ohio. Upon the papers presented upon this appeal, we cannot say that the children of the said Edwin V. Welch residing in Ohio are interested in this trust property. They are none of them alleged to be within the jurisdiction of the court, nor can service be made upon them. If they have an interest in this trust property, they can apply to the court for protection.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.